UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 05-60235-CIV-MARRA/JOHNSON

COURT-APPOINTED RECEIVER FOR
LANCER MANAGEMENT GROUP LLC,
LANCER MANAGEMENT GROUP II LLC,
LANCER OFFSHORE INC.,                       Proceeding Ancillary to
OMNIFUND LTD., LSPV INC., LSPV LLC,         Case No. 03-80612-CIV-MARRA
ALPHA OMEGA GROUP INC.,
CLR ASSOCIATES, LLC and
G.H. ASSOCIATES LLC,

        Plaintiff,
vs.

169838 CANADA, INC.;
MURDOCH & COMPANY A/C 0088997;
WESTMINSTER VENTURES LIMITED;
WVL INVESTMENTS LIMITED;
RITLOW PROPERTY DEVELOPMENT CO.,

        Defendants.
_____/

## ORDER AND OPINION

      THIS CAUSE is before the Court upon Defendants Westminister Ventures Limited and WVL Investments Limited's Motion to Dismiss Third Amended Complaint [DE 97]. Pending ruling on the instant motion, all discovery and obligations under Rules 16 and 26 of the Federal Rules of Civil Procedure were stayed. *See* DE 122. The Court has carefully reviewed the motion, response, reply and entire Court file.

## Introduction

      In this action, the Receiver seeks recovery from a number of investors which allegedly redeemed shares in certain hedge funds (the "Funds"). The contributions

and redemptions on which the Receiver asserts his claims are set forth in Exhibit B to the Third Amended Complaint ("TAC") [DE90].  Defendants, Westminister Ventures Limited ("Westminister") and WVL Investments Limited ("WVL") (together, the "Westminister Defendants") move to dismiss all claims stated against them in the TAC.

The Westminister Defendants contend that the TAC "fails to present even one specific allegation against" them.  DE 97 at 2.  "The body of the [TAC] contains nothing but conclusory allegations against all 'Defendants,' while the trading activity presented in Exhibit B is attributed collectively to the Westminister Defendants with no indication of their individual participation in or relationship to any of the transactions."  *Id.*  The Westminister Defendants argue that the Receiver fails to sufficiently allege a claim for fraudulent transfer or unjust enrichment against them under Federal Rule of Civil Procedure 9(b) and 8(a) because the only allegations with any connection to the Westminister Defendants are conclusory allegations pertaining collectively to all defendants and the "incomprehensible listing of trading activity" in Exhibit B.  DE 115 at 3.  For failing to allege what contributions and redemptions are attributable to each of the Westminister Defendants, they argue the TAC must be dismissed.  DE 97 at 2.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take

them in the light most favorable to the plaintiff.  *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id*.

**Discussion**

   The TAC asserts the following claims against all Defendants:

I.   Actual fraudulent transfer under Florida Statutes § 726.105(1)(a), Florida Statutes § 726.108, and other applicable law;

II.  Constructive fraudulent transfer under Florida Statutes § 726.105(1)(b), Florida Statutes § 726.108, and other applicable law;

III. Constructive fraudulent transfer under Florida Statutes § 726.106(1),

>Florida Statutes § 726.108, and other applicable law; and

>IV.   Unjust enrichment.

DE 109.  For specific allegations, defendants are directed to Exhibit B where a one page spread sheet identifies each defendant (or in this instance, "Westminster Ventures Limited and/or WVL Investments Limited"), and lists some information about trades and redemptions made.  This complaint is similar in format to several other complaints filed by the Receiver in other ancillary actions.

**Federal Rule of Civil Procedure Rule 9(b)**

The Westminster Defendants argue that the Receiver fails to sufficiently allege a claim for fraudulent transfer or unjust enrichment against them under Federal Rule of Civil Procedure 9(b) and 8(a) because the Receiver impermissibly "lumps" the Westminster Defendants together in the TAC and because the TAC lacks allegations of what contributions and redemptions are attributable to each of the Westminster Defendants.

Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)") provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed.R.Civ.P. 9(b).  This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1370-71 (11th Cir.1997) *quoting Durham v. Business*

*Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted).  This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud.  *See id.* quoting *Brooks*, 116 F.3d at 1371.  That stated, the Court must not allow the application of Rule 9(b) to vitiate the overall concept of notice pleading.  *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

This Court has previously held that Rule 9(b) should not be applied to cases such as this one where violations of the Florida Uniform Fraudulent Transfers Act, Fla. Stat. § 726.101, *et seq.* ("FUFTA") are asserted:

> The Court concludes that the heightened pleading standard of Rule 9(b) does not apply to claims brought under the FUFTA.  *Special Purpose Accounts Receivable Co-op. Corp. v. Prime One Capital Co., L.L.C.*  No. 00-cv-06410, 2007 WL 4482611, *4 (S.D. Fla. Dec. 19, 2007). Unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction.  Therefore, the plaintiff generally possesses little or no information about the alleged fraudulent transfer other than it occurred.[1]  The fraudulent act, the clandestine act of hiding money, is allegedly committed by a defendant and another, to the exclusion of the plaintiff.  This is in stark contrast to a common law fraud claim where a

---

[1] As discussed by Wright and Miller, a common reason identified by courts to require heightened pleading for fraud claims rests on the idea that without this information, a defendant would be unable to formulate a responsive pleading.  C. Wright & A. Miller, 5A Federal Practice & Procedure § 1296 (2004).  In the fraudulent transfer context, however, the defendant, as opposed to the plaintiff, is more likely to possess the particularized information about the complained-of conduct.

> plaintiff alleges that a defendant made a material false statement or omission directly to the plaintiff.  Under such circumstances, the plaintiff is in a position to plead with the specificity required by Rule 9(b).  This Court concludes that despite the use of the word "fraud," a fraudulent transfer claim is significantly different from other fraud claims to which Rule 9(b) is directed.  *See Nesco Inc. v. Cisco,* No. Civ.A. CV205-142, 2005 WL 2493353, * 3 (S.D. Ga. Oct. 7, 2005) (finding common law fraud and fraudulent transfer "bear very little relation to each other" since the element of false representation need not be proven in fraudulent transfer cases).  Given this lack of access to information on the part of a plaintiff in a fraudulent transfer case, the application of a heightened pleading standard is inappropriate.

*Gulf Coast Produce, Inc. v. American Growers, Inc.,* 07-cv-80633, 2008 WL 660100, *5 (S.D. Fla. Mar. 7, 2008).  Therefore, the Westminister Defendants' argument that the TAC fails to satisfy Rule 9(b) pleading requirements is rejected.

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)") requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1959 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Here, the Westminister Defendants argue that the Receiver fails to sufficiently allege a claim for fraudulent transfer or unjust enrichment against them under Rule 8(a) because there are no allegations of what contributions and redemptions are attributable to each of them.  "Indeed, the Westminister Defendants are left to conjecture on their involvement in each trade, and on the purported significance of both named and unnamed entities in the trading activity."  DE 97 at 7.  They also assert that the TAC fails to allege whether the Westminister Defendants

"were immediate transferees, intermediate transferees, conduits, or something else" with respect to the transfers.

These arguments are misplaced.  The Receiver sufficiently states a cause of action against the Westminster Defendants under Rule 8(a).  Rule 8(a)'s pleading standard does not require the Receiver to allege the particular transfers which each of the Westminster Defendants received, nor does it require the Receiver to allege the "capacity" - immediate transferee, intermediate transferee, conduit, or otherwise - in which the Westminster Defendants received the transfers.  The Receiver's claims that the Westminster Defendants' received the transfers, the insolvency of the Funds, the inadequate capitalization of the Funds, and the lack of reasonably equivalent value given by the Westminster Defendants in exchange for the transfers is enough specificity to allow the Westminster Defendants to formulate an answer, as required by Rule 8(a).  Exhibit B to the TAC indicates that the Westminster Defendants, either together or individually, made particular investments in particular funds on particular dates and received particular transfers from particular funds on particular dates.  The allegations of the TAC, including the allegations included in Exhibit B, provide sufficient information for the Westminster Defendants to admit or deny that they made the deposits and/or received the transfers detailed in Exhibit B.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Defendants Westminister Ventures Limited and WVL Investments Limited's Motion to Dismiss Third Amended Complaint **[DE 97] is DENIED**.  The stay imposed on all discovery and obligations under Rules 16 and 26 of the Federal Rules of Civil Procedure is lifted.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of May, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson